IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECILY RIDGEWAY, : <br> : <br>         **Plaintiff,** : <br> : <br> v. : <br> : <br> CHESTER COMMUNITY CHARTER : <br> SCHOOL, CSMI, INC. and JANELLE : <br> TRIGG, : <br> : <br>         **Defendants.** : | **CIVIL ACTION NO. 2:20-cv-04786** |

**DEFENDANTS CSMI, LLC AND JANELLE TRIGG'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

BUCHANAN INGERSOLL & ROONEY, P.C.

Jared L. Pickell (PA ID No. 316796)
jared.pickell@bipc.com
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Phone: 215-665-5325
Fax: 215-665-8760

Date: January 14, 2021   *Attorneys for Defendants CSMI, LLC and Janelle Trigg*

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 1

III. ARGUMENT ................................................................................................................... 3

    A. Standard of Review ............................................................................................. 3

    B. Plaintiff's Defamation Claims Are Time-Barred and Must Be Dismissed ............. 5

        1. There is a Conflict of Laws Issue as to Whether PA or NJ Defamation Law Applies ........................................................................... 5

            a. There is an actual conflict between PA and NJ Defamation Laws ................................................................................................ 5

            b. There is an true conflict between PA and NJ defamation Laws ................................................................................................ 7

            c. Under the contacts and interests assessment, NJ law applies ......... 7

        2. Applying New Jersey Law, Plaintiff's Defamation Claims are Time-barred and Plaintiff Cannot Rely on the Discovery Rule .......................... 9

    C. Plaintiff Has Failed to Plead That She Engaged in Protected Activity Under Title IX ................................................................................................................ 10

    D. Plaintiff Has Failed to Plead That Csmi Took Any Adverse Employment Action Against Her ............................................................................................ 11

IV. REQUESTED RELIEF ................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aman v. Cort Furniture Rental Corp.*,
  85 F.3d 1074 (3d Cir. 1996) ................................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................3, 4

*Atkinson v. Lafayette College*,
  653 F. Supp. 2d 581 (E.D. Pa. 2009) ............................................................................10, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................3, 4

*Bethel v. Jendoco Constr. Corp.*,
  570 F.2d 1168 (3d Cir. 1978) ..............................................................................................5

*Cabrera-Diaz v. Penn Kidder Campus Jim Thorpe Area Sch. Disti.*,
  No. 3:08-cv-2192, 2011 U.S. Dist. LEXIS 13466 (M.D. Pa. Feb. 11, 2011) .....................11

*Cipolla v. Shaposka*,
  439 Pa. 563, 267 A.2d 854 (Pa. 1970) ................................................................................5

*Clark v. Sears, Roebuck & Co.*,
  816 F. Supp. 1064 (E.D.Pa. 1993) ......................................................................................4

*DeAngelis v. Hill*,
  847 A.2d 1261 (N.J. 2004) ..................................................................................................7

*Doe v. Mercy Catholic Med. Ctr.*,
  850 F.3d 545 (3d Cir. 2017) ........................................................................................10, 11

*Dominiak v. Nat'l Enquirer*,
  439 Pa. 222, 266 A.2d 626 (1970) ......................................................................................6

*Estrada v. Trager*,
  2002 U.S. Dist. LEXIS 17342, Civ.A. No. 01-4669, 2002 WL 31053819 (E.D.
  Pa. Sept. 10, 2002) ..............................................................................................................4

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ................................................................................................4

*Gatling v. Eaton Corp.*,
  2002 PA Super 276, 807 A.2d 283 (Pa. Super. Ct. 2002) ..................................................6

*Griffith v. United Air Lines, Inc.*,
    416 Pa. 1, 203 A.2d 796, 805 (Pa. 1964) ................................................................................7

*Griffith v. United Air Lines, Inc.*,
    416 Pa. 1, 203 A.2d 796 (Pa. 1964) ........................................................................................5

*Hammersmith v. TIG Ins. Co.*,
    480 F.3d 220 (3d Cir. 2007) ...................................................................................................5

*Isler v. Keystone Sch. Dist.*,
    Civ. A. No. 07-1335, 2008 U.S. Dist. LEXIS 65902, 2008 WL 3540603
    (W.D. Pa. Aug. 12, 2008), *aff'd*, 335 F. App'x 200 (3d Cir. 2009) .......................................11

*Jackson v. Birmingham Bd. of Educ.*,
    544 U.S. 167 (2005) ..............................................................................................................10

*Kreimer v. Phila. Inquirer, Inc*,
    No. 03-cv-6669, 2004 U.S. Dist. LEXIS 10077 (E.D. Pa. May 27, 2004) .............................6

*Lacey v. Cessna Aircraft Co.*,
    932 F.2d 170 (3d Cir. 1991) ...................................................................................................5

*Lawrence v. Bauer Publ'g & Printing Ltd.*,
    78 N.J. 371, 396 A.2d 569 (1979) .......................................................................................6, 9

*LeJeune v. Bliss-Salem, Inc.*,
    85 F.3d 1069 (3d Cir. 1996) ...................................................................................................7

*Melville v. Amer. Home Assurance Co.*,
    584 F.2d 1306 (3d Cir. 1978) ..............................................................................................5, 7

*Miketic v. Baron*,
    450 Pa. Super. 91, 675 A.2d 324 (Pa. Super. Ct. 1996) .........................................................7

*Moore v. City of Phila.*,
    461 F.3d 331 (3d Cir. 2006) .................................................................................................11

*Mzamane v. Winfrey*,
    693 F. Supp. 2d 442 (E.D. Pa. 2010) ...................................................................................8, 9

*Nuwave Inv. Corp. v. Hyman Beck & Co.*,
    221 N.J. 495, 114 A.3d 738 (2015) ......................................................................................6, 9

*O'Donnell v. Simon*,
    362 F. App'x 300, 305 (3d Cir. 2010) ..................................................................................6, 9

*Sys. Operations, Inc. v. Scientific Games Dev. Corp.*,
    555 F.2d 1131 (3d Cir. 1977) .................................................................................................5

*Wolk v. Olson*,
    730 F. Supp. 2d 376 (E.D. Pa. 2010) ........................................................................................6

**Statutes**

42 Pa. Cons. Stat. Ann. § 5523(1) ..................................................................................................6

N.J.S.A. 2A:14-3 .........................................................................................................................6, 9

**Rules**

Fed. R. C. P. 8(a)(2) .......................................................................................................................4

Fed. R. Civ. P. 8 .............................................................................................................................4

Fed. R. Civ. P. 12(b)(6) .......................................................................................................3, 4, 12

**Other Authorities**

Restatement (Second) of Conflict of Laws § 145 (1971) ...............................................................8

## I. INTRODUCTION

Defendants CSMI, LLC (improperly named in the Amended Complaint as "CSMI, Inc.") and Janelle Trigg (collectively "Defendants") move to dismiss Plaintiff's Amended Complaint in its entirety because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed her initial Complaint on September 30, 2020, wherein she alleged three counts for defamation. *See* Dkt. 1. On December 24, 2020, Plaintiff filed an Amended Complaint wherein she reiterated her three counts of defamation and added two counts for retaliation under Title IX. *See* Dkt. 8.

Defendants respectfully submits that this Honorable Court should dismiss Plaintiff's Amended Complaint for the following reasons:

- Plaintiff's defamation claims in Counts III-V are untimely because she did not file her defamation claims within one year of publication of the alleged defamatory statements and Plaintiff cannot rely on the discovery rule to overcome her untimeliness;

- Plaintiff's Title IX claims in Counts I and II should be dismissed because Plaintiff has failed to allege she engaged in protected activity under Title IX and has therefore failed to state a claim for Title IX retaliation; and

- Plaintiff's Title IX claims in Count I and II should be dismissed because Plaintiff has not alleged that CSMI took an adverse employment action against Plaintiff.

For all these reasons, discussed more fully below, Plaintiff's Amended Complaint must be dismissed, with prejudice.

## II. STATEMENT OF FACTS[1]

Plaintiff has brought suit against her former employer – Chester Community Charter School ("CCCS") – as well as against CSMI and Ms. Trigg, alleging retaliation under Title IX of the Education Amendments Act of 1972 ("Title IX") and alleging claims for defamation.

---

[1] Defendants set forth the relevant facts as alleged in the Amended Complaint for purposes of this Motion only, and reserve the right to respond to and deny all facts and allegations if this Motion is denied.

Plaintiff filed her initial Complaint on September 30, 2020, wherein she alleged three counts for defamation. See Dkt. 1. On December 24, 2020, Plaintiff filed an Amended Complaint wherein she reiterated her three counts of defamation and added two counts for retaliation under Title IX. See Dkt. 8. Plaintiff did not file her initial Complaint within the one-year statute of limitations for her defamation claims, which began to run on September 25, 2019 when CCCS submitted an allegedly defamatory disclosure form to Plaintiff's new employer, referred to as "the NJ District." Dkt. 8 at ¶ 61.

The crux of Plaintiff's defamation claims is that Defendants "submitted sworn but knowingly false child abuse disclosures" to an undisclosed "NJ District" in the context of Plaintiff's application for employment in a teaching position at this NJ District. *See* Dkt. 8 at "Preliminary Statement." The alleged defamatory statements were published on September 25, 2019 when CCCS returned a disclosure form "to the NJ District." Dkt. 8 at ¶ 61.

After her employment with CCCS ended, "Ms. Ridgeway applied for teaching positions in New Jersey and provided consent for each prospective [New Jersey] employer to contact CCCS." Dkt. 8 at ¶ 52. During the pre-employment screening process for "the NJ District", the NJ District required both Plaintiff and CCCS to complete New Jersey's "Sexual Misconduct and Child Abuse Disclosure." Dkt. 8 at ¶¶ 52-57. Plaintiff cites New Jersey law in her Amended Complaint pertaining to requirements to fill out these forms and potential punishments for providing knowingly false information. See Dkt. 8 at ¶¶ 57-59. Plaintiff alleges that the NJ District had "discretion under New Jersey law to continue with Ms. Ridgeway's pre-employment processing even if CCCS answered 'Yes' to any of the questions in Section 2" of the form. Dkt. 8 at ¶ 60. Ultimately, the alleged defamatory statements were published on September 25, 2019 when CCCS returned the disclosure form "to the NJ District." Dkt. 8 at ¶ 61.

In terms of alleged "protected activity" under Title IX, Plaintiff has alleged nothing more than that she complied with her duties as a mandatory reporter. *See* Dkt. 8 at ¶¶ 91-93. The only "protected activity" Plaintiff alleges to have taken is that Plaintiff reported to CCCS that a student reported unwanted sexual conduct by another student to her - "Ms. Ridgeway's report to CCCS constituted protected activity under Title IX." Dkt. 8 at ¶ 93. Plaintiff made this "report" because she "had a mandatory duty to report to CCCS" that a student reported unwanted sexual conduct to her. *Id.* at ¶ 92. Plaintiff's "report" is not a complaint of sex discrimination and is not an objection to unlawful activity taken by any of the Defendants. Plaintiff has not alleged that she undertook protected activity with a good faith belief that the underlying actions of the Defendants actually violated the law; indeed Plaintiff has failed to allege <u>any</u> "underlying actions" taken by Defendants. *See* Dkt. 8, generally. She has not alleged that she opposed unlawful discrimination or that Defendants committed any unlawful discrimination against her or anyone else. *See id.* She has not alleged that she protested against any discriminatory practices that violate the federal anti-discrimination statutes. *See id.*

Plaintiff has not alleged with any particularity that CSMI took any adverse employment actions against her for purposes of her Title IX claim. *See* Dkt. 8 generally, and at ¶¶ 49, 98-99.

III. **ARGUMENT**

   A. **Standard of Review**

Defendants move to dismiss Plaintiff's Amended Complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a plaintiff's amended complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit has recognized the test district courts should apply when considering a motion to dismiss under *Iqbal* as follows:

> . . . First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [*Id.*] at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Although Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555).

If it is clear from the face of the pleadings – as it is here – that a statute of limitations has expired, dismissal under Rule 12(b)(6) is appropriate. *See Clark v. Sears, Roebuck & Co.*, 816 F. Supp. 1064, 1067 (E.D.Pa. 1993). "A court may adjudicate statute of limitations on a motion to dismiss if the complaint reveals on its face that it has not been filed within the statute of limitations." *Estrada v. Trager*, 2002 U.S. Dist. LEXIS 17342, Civ.A. No. 01-4669, 2002 WL

31053819 at *2 (E.D. Pa. Sept. 10, 2002) (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

### B.     Plaintiff's Defamation Claims Are Time-Barred and Must Be Dismissed

#### 1.     There is a Conflict of Laws Issue as to Whether PA or NJ Defamation Law Applies

A federal court hearing state law claims based on supplemental jurisdiction must apply the choice of law rules of the forum state. *Sys. Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1136 (3d Cir. 1977). Under Pennsylvania law, the first step of the analysis is to determine whether there is any actual conflict between the two potentially applicable bodies of law, i.e., whether the two states' laws differ. *See Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007). If there is an actual conflict, the court must then determine whether it is a "false conflict," that is, that "only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law," *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 188 (3d Cir. 1991).When there is a true conflict, the next step of the choice of law analysis is to examine the "which state has the 'greater interest in the application of its law.'" *Hammersmith*, 480 F.3d at 231 (citing *Cipolla v. Shaposka*, 439 Pa. 563, 566, 267 A.2d 854 (Pa. 1970)). Pennsylvania courts make this determination based on two factors: (1) an examination of the contacts to determine the most significant relationship; and (2) an interests analysis of state policies with respect to the controversy. *See Melville v. Amer. Home Assurance Co.*, 584 F.2d 1306, 1311 (3d Cir. 1978) (citing *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796, 805 (Pa. 1964)).

##### a.     *There is an actual conflict between PA and NJ Defamation Laws*

There is an actual conflict between Pennsylvania and New Jersey defamation laws because Pennsylvania allows a plaintiff to utilize the discovery rule in limited circumstances to equitably

toll the statute of limitations. New Jersey does not allow the discovery rule to be used for defamation claims.

"Under Pennsylvania law, all defamation claims must be commenced within one year." *Kreimer v. Phila. Inquirer, Inc,* No. 03-cv-6669, 2004 U.S. Dist. LEXIS 10077, at *3 (E.D. Pa. May 27, 2004) (citing 42 Pa. Cons. Stat. Ann. § 5523(1)). The statute begins to run from the time of publication. *Wolk v. Olson*, 730 F. Supp. 2d 376, 377 (E.D. Pa. 2010); *Dominiak v. Nat'l Enquirer*, 439 Pa. 222, 266 A.2d 626, 629-30 (1970). In Pennsylvania, the discovery rule can apply to extend the time when the statute of limitations begins to run: "[W]here the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Gatling v. Eaton Corp.*, 2002 PA Super 276, 807 A.2d 283, 289 (Pa. Super. Ct. 2002). Defendants do not concede that Plaintiff can successfully use the discovery rule to overcome her failure to timely file her Complaint within the statute of limitations. Rather, Defendants merely point out this actual conflict.

New Jersey also has a one year statute of limitations for defamation. *See* N.J.S.A. 2A:14-3. But the Third Circuit has explicitly stated that under New Jersey law, "the 'discovery rule' cannot extend the limitations period for defamation claims*." O'Donnell v. Simon*, 362 F. App'x 300, 305 (3d Cir. 2010) (citing *Lawrence v. Bauer Publ'g & Printing Ltd.*, 78 N.J. 371, 396 A.2d 569, 570 (1979)). New Jersey courts have repeatedly and consistently held that that the discovery rule cannot, under any circumstances, toll defamation actions. *See, e.g., Nuwave Inv. Corp. v. Hyman Beck & Co.*, 221 N.J. 495, 500-01, 114 A.3d 738 (2015)("The statute's clear and unqualified language requires all libel claims to be made within one year of the date of the

publication. That language cannot be reconciled with the exception proposed by plaintiffs. In declining to create a judicial discovery rule, we leave amendment of the statute to the Legislature").

There is further actual conflict between Pennsylvania and New Jersey laws regarding defamation. Under New Jersey law, a plaintiff must show that the defendant acted with "fault . . . amounting at least to negligence*.*" *See DeAngelis v. Hill*, 847 A.2d 1261, 1267-68 (N.J. 2004). Pennsylvania defamation law does not require any degree of fault unless the defamatory matter was conditionally privileged. *See Miketic v. Baron*, 450 Pa. Super. 91, 675 A.2d 324, 329 (Pa. Super. Ct. 1996).

### b. *There is an true conflict between PA and NJ defamation Laws*

Because both Pennsylvania and New Jersey would be impaired if the other's law was applied, there is a true conflict. New Jersey has an interest in applying its laws here to protect one of its citizens – Plaintiff. Pennsylvania "has an interest in prescribing the rules governing torts occurring nonfortuitously within its borders" as alleged by Plaintiff. *See LeJeune v. Bliss-Salem, Inc*., 85 F.3d 1069, 1071 (3d Cir. 1996). Thus, there is a true conflict and there must be an analysis of the relevant contacts and interests in order to determine which law to apply.

### c. *Under the contacts and interests assessment, NJ law applies*

The next step for the Court is to determine which state has a greater interest in the application of its law, which is a determination based on: (1) an examination of the contacts to determine the most significant relationship; and (2) an interests analysis of state policies with respect to the controversy. *See Melville v. Amer. Home Assurance Co*., 584 F.2d 1306, 1311 (3d Cir. 1978) (citing *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796, 805 (Pa. 1964)). The relevant contacts for defamation are: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any,

between the parties is centered." See Restatement (Second) of Conflict of Laws § 145 (1971). "[T]he majority of courts confronted with this choice of law question have found that the plaintiff's domicile should control since this is the forum with the greater interest. *See Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 471 (E.D. Pa. 2010) (citing cases).

On balance, the contacts favor the applicability of New Jersey law. The alleged injury – alleged harm to Plaintiff's reputation – occurred in New Jersey, as did the place where the conduct causing the alleged injury occurred – that is, the place of publication. "Ms. Ridgeway applied for teaching positions in New Jersey and provided consent for each prospective [New Jersey] employer to contact CCCS." Dkt. 8 at ¶ 52. During the pre-employment screening process for "the NJ District", the NJ District required both Plaintiff and CCCS to complete New Jersey's "Sexual Misconduct and Child Abuse Disclosure." Dkt. 8 at ¶¶ 52-57. Plaintiff cites New Jersey law in her Amended Complaint pertaining to requirements to fill out these forms and potential punishments for providing knowingly false information. *See* Dkt. 8 at ¶¶ 57-59. Plaintiff alleges that the NJ District had "discretion under New Jersey law to continue with Ms. Ridgeway's pre-employment processing even if CCCS answered 'Yes' to any of the questions in Section 2" of the form. Dkt. 8 at ¶ 60. Ultimately, the alleged defamatory statements were published on September 25, 2019 when CCCS returned the disclosure form "<u>to the NJ District</u>." Dkt. 8 at ¶ 61 (emphasis added). Thus, the place where the alleged injury occurred was New Jersey and the place where the conduct causing the alleged injury occurred was also New Jersey. At the time of the alleged defamatory statement, there was no relationship between Plaintiff and Defendants.

While Plaintiff alleges that Defendants are all domiciled in Pennsylvania, Plaintiff is a resident of New Jersey. *See* Dkt. 8 at ¶¶ 3-4; 6; 10. Plaintiff's domicile – New Jersey – "should

control since this is the forum with the greater interest." *See Mzamane*, 693 F. Supp. 2d at 471 (citing cases). For these reasons, New Jersey law controls Plaintiff's defamation claims.

### 2. Applying New Jersey Law, Plaintiff's Defamation Claims are Time-barred and Plaintiff Cannot Rely on the Discovery Rule

Plaintiff has failed to file her defamation claims within the statute of limitations, and such claims must be dismissed. New Jersey has a one year statute of limitations for defamation. *See* N.J.S.A. 2A:14-3. The Third Circuit has explicitly stated that under New Jersey law, "the 'discovery rule' cannot extend the limitations period for defamation claims*." O'Donnell v. Simon*, 362 F. App'x 300, 305 (3d Cir. 2010) (citing *Lawrence v. Bauer Publ'g & Printing Ltd.*, 78 N.J. 371, 396 A.2d 569, 570 (1979)). New Jersey courts have repeatedly and consistently held that that the discovery rule cannot, under any circumstances, toll defamation actions. *See, e.g., Nuwave Inv. Corp. v. Hyman Beck & Co.*, 221 N.J. 495, 500-01, 114 A.3d 738 (2015)("The statute's clear and unqualified language requires all libel claims to be made within one year of the date of the publication. That language cannot be reconciled with the exception proposed by plaintiffs. In declining to create a judicial discovery rule, we leave amendment of the statute to the Legislature").

Plaintiff alleges that the defamatory statement – the Disclosure form sent to Plaintiff's employer, the NJ District – was published on September 25, 2019. *See* Dkt. 8 at ¶¶ 61; 104-114; 116-122; 124-129. Plaintiff did not file her initial Complaint until September 30, 2020, wherein she alleged three counts for defamation, until over a year from the publication of the allegedly defamatory statement. *See* Dkt. 1. Plaintiff has thus failed to timely file her defamation claims. Under New Jersey law, she cannot render these claims timely by alleging the discovery rule applies. For these reasons, Plaintiff's defamation claims must be dismissed, with prejudice.

### C. Plaintiff Has Failed to Plead That She Engaged in Protected Activity Under Title IX

To establish a prima facie case of retaliation under Title IX, a plaintiff must show that: (1) she engaged in activity protected by Title IX; (2) she suffered an adverse action; and (3) there was a causal connection between the two. *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 564 (3d Cir. 2017). Courts have adopted the Title VII framework to analyze Title IX retaliation claims. *See Atkinson v. Lafayette College,* 653 F. Supp. 2d 581, 594 (E.D. Pa. 2009). Plaintiff has failed to plead that she engaged in protected activity under Title IX, and for this reason her Title IX claims must be dismissed.

"Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). Nowhere in the Amended Complaint did Plaintiff plead that, during her employment with CCCS, she complained that any of the Defendants discriminated against her, or against anyone else, on the basis of sex or otherwise treated her differently on the basis of sex. The only "protected activity" Plaintiff alleges to have taken is that Plaintiff reported to CCCS that a student reported unwanted sexual conduct by another student to her - "Ms. Ridgeway's report to CCCS constituted protected activity under Title IX." Dkt. 8 at ¶ 93. Plaintiff made this "report" because she "had a mandatory duty to report to CCCS" that a student reported unwanted sexual conduct to her. *Id.* at ¶ 92. Plaintiff's "report" is not a complaint of sex discrimination and is not an objection to unlawful activity taken by any of the Defendants.

A plaintiff alleging a claim of retaliation under an opposition theory must possess a reasonable, good faith belief that the <u>underlying actions of the employer</u> actually violated the law. *See Atkinson*, 653 F. Supp. 2d at 595 (citing *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074,

1085 (3d Cir. 1996)). "The employee's belief that the activity he opposes is unlawful must be objectively reasonable and held in good faith, and the employee's 'opposition' to the unlawful discrimination must not be equivocal." *Atkinson*, 653 F. Supp. 2d at 595 (citing *Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006)). To be protected activity, the complaint "must at a minimum convey the speaker's express or implicit protest of discriminatory practices that violate the federal anti-discrimination statutes." *Cabrera-Diaz v. Penn Kidder Campus Jim Thorpe Area Sch. Disti.*, No. 3:08-cv-2192, 2011 U.S. Dist. LEXIS 13466, at *10 (M.D. Pa. Feb. 11, 2011) (quoting *Isler v. Keystone Sch. Dist.*, Civ. A. No. 07-1335, 2008 U.S. Dist. LEXIS 65902, 2008 WL 3540603, at *9 (W.D. Pa. Aug. 12, 2008), *aff'd*, 335 F. App'x 200 (3d Cir. 2009)).

In terms of alleged "protected activity" under Title IX, Plaintiff has alleged nothing more than that she complied with her duties as a mandatory reporter. *See* Dkt. 8 at ¶¶ 91-93. She has not alleged that she undertook protected activity with a good faith belief that the underlying actions of the Defendants actually violated the law; indeed Plaintiff has failed to allege <u>any</u> "underlying actions" taken by Defendants. *See* Dkt. 8, generally. She has not alleged that she opposed unlawful discrimination or that Defendants committed any unlawful discrimination against her or anyone else. *See id.* She has not alleged that she protested against any discriminatory practices that violate the federal anti-discrimination statutes. *See id.* For these reasons, Plaintiff has failed to allege that she engaged in "protected activity" under Title IX, and her claims for retaliation under Title IX in Counts I and II must be dismissed.

### D.  Plaintiff Has Failed to Plead That CSMI Took Any Adverse Employment Action Against Her

As stated above, Plaintiff must show that she suffered an adverse employment action in order to establish a prima facie case of retaliation under Title IX. *See Doe*, 850 F.3d at 564. While Plaintiff has alleged that CCCS terminated her employment, which constitutes an adverse

employment action, Plaintiff has not alleged with any particularity that CSMI took any adverse employment actions against her for purposes of her Title IX claim. *See* Dkt. 8 generally, and at ¶¶ 49, 98-99. Plaintiff's allegation in Count II that "CSMI was integrally involved in all of CCCS's actions" is not enough to show that CSMI took an adverse employment action against her. *See* Dkt. 8 at ¶ 102. Plaintiff has set forth zero facts to allege how CSMI can be vicariously liable for actions taken by CCCS that allegedly violate Title IX. For these reasons, Plaintiff's Title IX claim must be dismissed as to CSMI.

## IV.     REQUESTED RELIEF

At this stage, it is Plaintiff's burden alone to plead facts to maintain plausible claims against Defendants; however, plaintiff has failed. Based on the foregoing, Defendants CSMI and Ms. Trigg respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

                    Respectfully submitted,

                    BUCHANAN INGERSOLL & ROONEY, P.C.

                    */s/ Jared L. Pickell*
                    Jared L. Pickell (PA ID No. 316796)
                    jared.pickell@bipc.com
                    Two Liberty Place
                    50 S. 16th Street, Suite 3200
                    Philadelphia, PA 19102-2555
                    Phone: 215-665-5325
                    Fax: 215-665-8760
Date:  January 14, 2021          *Attorneys for Defendants CSMI, LLC and Janelle Trigg*

## CERTIFICATE OF SERVICE

I, Jared L. Pickell, Esquire, hereby certify that on the date shown below a true and correct copy of Defendants CSMI and Janelle Trigg's Motion to Dismiss Plaintiff's Complaint, together with all supporting documents, was served via Notice of Electronic Filing to:

Lorrie McKinley, Esq.
McKINLEY & RYAN, LLC
238 West Miner Street
West Chester, PA 19382

**Attorney for Plaintiff**

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY, P.C.

*/s/ Jared L. Pickell*
Jared L. Pickell (PA ID No. 316796)
jared.pickell@bipc.com
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Phone: 215-665-5325
Fax: 215-665-8760

Date:  January 14, 2021

*Attorneys for Defendants CSMI, LLC and Janelle Trigg*