# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CECILY RIDGEWAY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-cv-04786-GJP |
| | : | |
| CHESTER CHARTER COMMUNITY SCHOOL, CSMI, INC. and JANELLE TRIGG, | : : : | |
| | : | |
| Defendants. | : | |

### DEFENDANT CHESTER CHARTER COMMUNITY SCHOOL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS I, III AND IV OF PLAINTIFF'S AMENDED COMPLAINT

**FISHER & PHILLIPS, LLP**

 /s/ *Susan M. Guerette*
Susan M. Guerette, Esquire
Fisher & Phillips LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA  19103
(610) 230-2133 (phone)
sguerette@fisherphillips.com

Date: March 2, 2021      Attorneys for Defendant
Chester Charter Community School

FP 39930387.2

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ................................................................................................................ 2

I. INTRODUCTION .............................................................................................................. 4

II. ARGUMENT ...................................................................................................................... 5

III. REQUESTED RELIEF ...................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Elias v. Energy Reduction Sys., Inc.*,
    1993 WL 55932 (E.D. Pa. 1993) ............................................................................................... 6

*Foss v. Klapka*,
    95 F.R.D. 521 (E.D. Pa. 1982) .................................................................................................. 6

**Rules**

Rule 12(b)(6) ................................................................................................................................... 6

I. **INTRODUCTION**

Defendant Chester Charter Community School ("CCCS"), consistent with the motion filed by Defendant CSMI, Inc. ("CSMI"), hereby moves to dismiss Counts I, III and IV of Plaintiff's Amended Complaint because Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff filed her initial Complaint on September 30, 2020, however, CCCS was never served with the original Complaint. CCCS understands that Plaintiff attempted to serve the original Complaint on CCCS on November 20, 2020. *See* Dkt. 2. As indicated on the Proof of Service, CCCS was closed at that time due to COVID. *Id.* Although CCCS was closed, Plaintiff's process server apparently handed a copy of the Complaint to Barbara Kotcamp, who was an employee of co-defendant CSMI, Inc. ("CSMI"), but was not an employee of CCCS, nor was she authorized to accept service of process on behalf of CCCS. Prior to perfecting service on CCCS, Plaintiff then filed an Amended Complaint on December 24, 2020. Although CCCS was never properly served with either the original or amended complaint, it files the within Motion to Dismiss in order to preserve and present its defenses to this case.

Even if Plaintiff's Amended Complaint had been properly served on Defendant CCCS, this Court would have discretion to consider even an untimely motion to dismiss. In particular, untimeliness does not constitute a waiver as long as the defenses are raised in the first response, as CCCS has done here. *Foss v. Klapka*, 95 F.R.D. 521 (E.D. Pa. 1982) (holding that defendant did not waive defense raised in first response to complaint where motion to dismiss untimely); *Elias v. Energy Reduction Sys., Inc.,* 1993 WL 55932 at *3 (E.D. Pa. 1993) (holding that under a 12(b)(2) motion "tardiness does not constitute a waiver so long as defendant's first response raises the issue").

In Plaintiff's Amended Complaint, she brings three claims against CCCS, all of which

FP 39930387.2

should be dismissed. Specifically, Plaintiff alleges claims for:

Count I – Retaliation against CCCS in violation of Title IX;

Count III – Defamation against CCCS based on Question 1 of the initial disclosure; and

Count IV – Defamation against CCCS based on Question 2 of the initial disclosure.

*See* Dkt. 8.

Defendant CCCS respectfully submits that this Honorable Court should dismiss Counts I, III and IV of Plaintiff's Amended Complaint for the following reasons:

- Plaintiff's Title IX claim in Count I should be dismissed because Plaintiff has failed to allege that she engaged in protected activity under Title IX and has therefore failed to state a claim for Title IX retaliation; and

- Plaintiff's defamation claims in Counts III-IV are untimely because she did not file her defamation claims within one year of publication of the alleged defamatory statements and Plaintiff cannot rely on the discovery rule to overcome her untimeliness.

For all these reasons, Counts I, III and IV of Plaintiff's Amended Complaint must be dismissed, with prejudice.

## II. ARGUMENT

For purposes of judicial economy, and given that the legal arguments in support of CCCS' motion are identical to those already presented to the Court by CSMI, CCCS incorporates by reference herein the Statement of Facts and Argument set forth by CSMI in its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint. See Dkt. 11.

## III. REQUESTED RELIEF

Based on the foregoing, Defendant CCCS respectfully requests that this Honorable Court enter an Order dismissing Counts I, III and IV of Plaintiff's Amended Complaint, with prejudice, pursuant to Rule 12(b)(6), for failure to state a claim uponwhich relief can be granted.

Respectfully submitted,

FP 39930387.2

<table>
<tr><td></td><td>**FISHER & PHILLIPS, LLP**</td></tr>
<tr><td></td><td> /s/ Susan M. Guerette<br>Susan M. Guerette, Esquire<br>Fisher & Phillips LLP<br>Two Logan Square, 12th Floor<br>100 N. 18th Street<br>Philadelphia, PA  19103<br>(610) 230-2133 (phone)<br>sguerette@fisherphillips.com</td></tr>
<tr><td>Date: March 2, 2021</td><td>Attorney for Defendant<br>*Chester Charter Community School*</td></tr>
</table>

FP 39930387.2