<u>**Joint Status Report Pursuant to Rule 26(f)**</u>

**Caption:** <u>Cecily Ridgeway v. Chester Community Charter School; CSMI, LLC; and Janelle Trigg</u>

**Civil Action No:** <u>2:20-cv-04786-GJP</u>

**Basis of Jurisdiction:** Federal question jurisdiction for Title IX claims and supplemental jurisdiction for the defamation claims.

**Jury Trial:** Yes

**Plaintiff's counsel participating in the Rule 16 Conference:** Lorrie McKinley and Bill Wilson

**Defendants' counsel participating in the Rule 16 Conference:** Michael Truncellito for CSMI and Ms. Trigg; Deniz Uzel Reilly for Chester Community Charter School

**Do counsel have full authority to settle at Rule 16 Conference?:** Yes

**When did the parties hold the Rule 26 Conference?:** January 7, 2022

**When did the parties comply with Rule 26(a)'s duty of self-executing disclosure?:** The parties will exchange Initial Disclosures within the time period prescribed by the Court's December 29, 2021 Order.

**Does either side expect to file a case-dispositive motion?** Yes, all Defendants intend to file Motions for Summary Judgment. Plaintiff is still evaluating whether she will file a Motion for Summary Judgment.

> **If yes, under what Rule** – Rule 56
>
> **If yes, specify the issue** – Defendants will seek summary judgment as to all of Plaintiff's claims. In regards to Plaintiff's Title IX claim, Defendants will contend that they did not retaliate against Plaintiff and had a legitimate and lawful reason for their actions. Likewise, Defendants will contend that they did not defame Plaintiff, and, further, that the communications at issue are statutorily protected.
>
> **Proposed deadline for filing dispositive motions** – 60 days after close of discovery
>
> **Does either side anticipate the use of experts?** Not at this time. However, Plaintiff may potentially require a damages expert. Plaintiff will provide notice to Defendants 45 days before the completion of discovery if she obtains an expert for purposes of trial, and provide an expert report 30 days before the conclusion of discovery.

**Approximate date case should be trial-ready:** 60 days after ruling on dispositive motions

> **Time for Plaintiff's case:** 1-2 days   **Time for Defendants' case:** 1-2 days

FP 42754734.2

**Is a settlement conference likely to be helpful?** Yes. The Parties have attempted to schedule an early mediation with Judge Hey, but because she is not available until March, they are attempting to schedule a private mediation during the the first two weeks of February 2022.

**Do the Parties wish to proceed before a Magistrate Judge for final disposition?** No.

**<u>Plan for Discovery</u>**

1. The Parties anticipate that discovery should be completed within:

    a. 120 days after the date of the mediation. To conserve resources and facilitate settlement, the parties respectfully request that discovery not commence until after mediation is completed.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agree to?

    The Parties have agreed to proceed with early mediation prior to engaging in discovery, in light of the anticipated cost of litigation.

3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?

    a. At this time, the Parties do not anticipate a need for a Rule 502 order.

4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan

    a. The Parties anticipate the need for a protective order and confidentiality order related to discovery involving minor school children, investigation records, and employment records for non-parties. Furthermore, Plaintiff contends that Plaintiff's employment records should be protected from filing and/or public disclosure to the extent that they include and/or might result in the re-publication of the documents at issue in the Complaint. The same is true for any deposition testimony that incorporates the statements at issue, which, if used for purposes of summary judgment, should be filed under seal. Finally, before any records from her current and any subsequent employers are filed in the case, on summary judgment or otherwise, Plaintiff requests that the identities of those employers should be redacted.

5. If you contend the discovery period to exceed 90 days, please state reason:

    a. The parties are cost-sensitive and diligently exploring the possibility of early resolution.  In light of the scheduling issues with respect to mediation, together with the challenges posed by COVID-19, the parties respectfully request 120 days of

      discovery following the completion of a mediation, to ensure that they will have sufficient time to engage in discovery efforts if it is unsuccessful.

6. Do the parties anticipate the need to subpoena any third parties?

    a. Plaintiff anticipates that third-party subpoenas may be necessary due to the potential involvement of various non-party entities.

| **Counsel for Plaintiff** | **Counsel for Defendant CSMI** |
|---|---|
| *s/ Lorrie McKinley* | *s/ Michael Truncellito* |
| Lorrie McKinley, Esquire | Michael Truncellito, Esquire |
| McKinley & Ryan, LLC | Buchanan Ingersoll & Rooney P.C. |
| lmckinley@mckinleyryan.com | Michael.Truncellito@bipc.com |
| T-610.436.6804 | 215.665.4016 |
| | |
| **Counsel for Plaintiff** | **Counsel for Defendant CCCS** |
| *s/ Bill Wilson* | *s/ Deniz Uzel Reilly* |
| Bill Wilson, Esquire | Deniz Uzel Reilly, Esquire |
| bill@wtwilsonlaw.com | Fisher & Phillips LLP |
| T-484.605.11466 | dreilly@fisherphillips.com |
| | T-610.230.6102 |